<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUDITH DUFIE BOATENG, | : | |
| Plaintiff, | : | Civil Action No.: 15-2304 (ES) (JAD) |
| v. | : | MEMORANDUM OPINION |
| BERGEN COUNTY COMMUNITY COLLEGE, DEVRY UNIVERSITY, PATTY PAPPAS-JULIANO, individually, NICHOLAS RAMJATTAN, individually, | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

1.  *Pro se* Plaintiff Judith Dufie Boateng sued Defendants Bergen County Community College ("BCC"), DeVry University ("DeVry"), Nicholas Ramjattan ("Ramjattan"), and Patty-Pappas Juliano ("Juliano") (collectively, "Defendants") for "jointly and severally violat[ing] state and federal laws on discrimination, fraud, deprivation of rights and governmental benefits and commit[ing] tortious acts leading to negligence and breach of fiduciary duty." (D.E. No. 29, Plaintiff's Amended Complaint ("Am. Compl.") at 12). Plaintiff asserts claims under Title VII of the Federal Civil Rights Act, the New Jersey Consumer Fraud Act ("NJCFA"), and the New Jersey Law Against Discrimination ("NJLAD"). (*See* Am. Compl. ¶¶ 18, 20, 29, 34, 44). Plaintiff also asserts a claim of retaliation against Mr. Ramjattan. (*See* Am. Compl. ¶ 18).

2.  Defendants DeVry and Ramjattan moved to dismiss Plaintiff's Amended Complaint on April 8, 2016. (*See* D.E. No. 38-1, Defendant DeVry University's and Nicholas

Ramjattan's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff Boateng's Amended Complaint ("DeVry Mov. Br.")). Defendants BCC and Juliano moved to dismiss Plaintiff's Amended Complaint on April 11, 2016. (*See* D.E. No. 40-1, Defendants Bergen County Community College and Patty Pappas-Juliano's Brief in Support of Their Motion to Dismiss Plaintiff Judith Dufie Boateng's Amended Complaint ("BCC Mov. Br.")). Plaintiff did not oppose either motion. For the reasons set forth below, the Court will GRANT Defendants' motions and dismiss the Amended Complaint.

3. Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the dismissal of a complaint in which the plaintiff fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* When a motion to dismiss involves an action for fraud, a plaintiff "may not rely merely on conclusory statements, but must instead indicate at the very least who made the material misrepresentation giving rise to the claim and what specific representations were made to comply with Federal Rule of Civil Procedure 9(b)." *South Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 380 (D.N.J. 2007).

4. The court is to construe the complaint liberally in favor of a *pro se* plaintiff. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

*pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."). However, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion School Dist*. 132 F.3d 902, 906 (3d Cir. 1997).

5. As an initial matter, the Court finds that Plaintiff's state-law claims for fraud, negligence, retaliation, and breach of fiduciary duty appear to be preempted by Title IV of the Higher Education Act (the "HEA"). Title IV provides financial assistance for students attending institutions of higher education. *See* 20 U.S.C. § 1001, *et seq*. Title IV does not, however, provide a private right of action. *See Thomas v. Nova Se. Univ., Inc.*, No. 11-2089, 2011 WL 3205298, at *3 (D.N.J. July 27, 2011), *aff'd. Thomas v. Nova Se. Univ.*, 468 F. App'x 98 (3d Cir. 2012).

6. Here, Plaintiff's allegations stem from Defendants' handling of her financial aid application, verification of her application information, and the award of her grants and loans—all conduct that is governed by Title IV. *See* 20 U.S.C. § 1070, *et seq.*, 34 C.F.R. Part 690 (Federal Pell Grant Program); 20 U.S.C. § 1087aa *et seq.*, 34 C.F.R. Part 674 (Federal Perkins Loan Program); and 20 U.S.C. § 1070b *et seq.*, 34 C.F.R. Part 676 (Federal Supplemental Educational Opportunity Grant ("SEOG") Program). As such, Plaintiff's state-law claims appear impermissibly based on violations of the HEA or its regulations. *See U.S. ex rel. Whatley v. Eastwick Coll.*, No. 13-1225, 2015 WL 4487747, at *8 (D.N.J. July 23, 2015) (holding that claims "based upon state law—including consumer fraud actions—cannot be predicated (directly or indirectly) upon violations of the HEA or its regulations"); *see also Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 319 (D.N.J. 1997) ("To allow states to impose greater liability would frustrate the purposes and objectives of the HEA. Plaintiff's affirmative claims based on state law are, therefore, preempted."). Because these claims cannot overcome federal preemption, they must be dismissed.

7. To be sure, Plaintiff's state-law claims for fraud, negligence, retaliation, and breach of fiduciary duty fail notwithstanding the fact that they are preempted by the HEA. With respect to Plaintiff's NJCFA fraud claim, Plaintiff has failed sufficiently to allege that Defendants committed an unlawful practice. *See Lierberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011) (setting forth the prima facie elements of an NJCFA fraud claim); *see also Fenwick v. Kay Am. Jeep. Inc.*, 72 N.J. 372, 377-78 (1977) (defining "unlawful practice" as an "act, use or employment by any person of any unconscionable commercial practice," where "[t]he capacity to mislead is the prime ingredient"). Plaintiff's fiduciary duty and negligence claims also fail because Plaintiff cannot show that Defendants owed her a duty. *See Thomas v. Northeastern Univ.*, No. 11-3905, 2011 WL 3205301, at *3 (D.N.J. July 27, 2011), *aff'd*, 457 F. App'x 83 (3d Cir. 2012) ("[I]nsofar as Plaintiff was attempting to stake a fiduciary duty in the relationship between Northeastern [University] and Plaintiff due to Plaintiff's student loans, New Jersey courts have universally embraced the presumption that there is no fiduciary duty between a borrower and a lender."). Finally, Plaintiff's retaliation claim is unsupported by law and cannot defeat a 12(b)(6) motion to dismiss. Plaintiff does not identify the legal basis for her claim (as there is no common law cause of action for retaliation) or the elements required to state a plausible retaliation claim. And even if Plaintiff could identify a legally cognizable cause of action, the facts alleged by plaintiff do not "nudge[ her] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

8. Next, the Court finds that Plaintiff fails to state a claim for discrimination. Generally, to establish a discrimination claim under either federal law or the NJLAD, a plaintiff must show that "she: (1) belongs to a protected class; (2) was objectively qualified to study in the program and met the program's legitimate expectations; (3) received an adverse action; and (4)

was treated differently than other similarly situated students." *Mehta v. Fairleigh Dickinson Univ.*, 530 F. App'x 191, 195 (3d Cir. 2013).

9. First, Plaintiff's Amended Complaint does not sufficiently allege that she was "objectively qualified to study in the program and met the program's legitimate expectations." *Id.* at 195. Plaintiff's own allegations reveal that she took the College Entrance Exam and was advised afterward that she had been placed in ENG 032—a class Plaintiff herself describes as a "remedial English Class." (*See* Am. Compl. ¶ 21-22). And Plaintiff further alleges that she took an Aptitude Test at BCC and was advised that her score on the Language Arts section did not meet BCC's minimum score, requiring her to take a "Basic English Language" course. (*Id.* ¶ 31). As Defendants' point out, Plaintiff's additional allegations do not show that she was objectively qualified to take her desired English Class: Plaintiff claims that she (i) was "admitted unconditionally to DeVry"; (ii) "had no academic deficiencies"; (iii) was not informed at any point "at the commencement of [her] coursework" that she had any deficiency in the English language; (iv) "passed [her] English Language Arts classes in [her] High School; and (v) "passed" the College Entrance Exam "and was awarded the Herman DeVry [sic] scholarship." (*Id.* ¶ 21). These facts, even when viewed in the light most favorable to Plaintiff, do not sufficiently allege that Plaintiff should have been placed in one particular English class over another.

10. Second, Plaintiff fails to allege facts that give rise to an inference of discrimination. Instead, she merely asserts that no other students, particularly white students, were subject to such disparate treatment. (*See* Am. Compl. ¶¶ 24, 34). Plaintiff assures that she will provide the names of such individuals upon discovery (*id.* ¶ 27); however, as Defendants aptly point out, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Artis v. Schultz*, No. 09-0986, 2009 WL 3246843, at *3 (D.N.J. Oct. 7,

2009).  Here, Plaintiff has filed a previous complaint and appeared before this Court for an argument to discuss the deficiencies in that complaint, yet she still makes assertions that require the Court to guess and speculate about facts essential to her claims.  Accordingly, the Court finds that Plaintiff has failed to establish a nexus between the alleged adverse action and the alleged disparate impact.

11. For the foregoing reasons, Plaintiff's Amended Complaint is dismissed.  An appropriate order follows.

>*s/Esther Salas*
>**Esther Salas, U.S.D.J.**